**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Rafael Rios-Villanueva, | ) | Cr. No. 5:11-0021-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Rafael Rio-Villanueva ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.  Factual and Procedural Background**

On March 16, 2011, a grand jury returned a superseding indictment against Movant charging him with two counts of violating federal drug laws.  The charges included conspiracy in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1) and possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count 2).  ECF No. 96.  Pursuant to a written plea agreement, Movant pleaded guilty on August 23, 2012, to Count 1.  ECF Nos. 156-58.

Relevant to the within § 2255 motion, the plea agreement contained cooperation provisions, including a provision in which Movant agreed to submit to a polygraph examination and agreed that "his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void."  ECF No. 156 at ¶ 9.  If Movant cooperated pursuant to the terms of the plea agreement and the cooperation was deemed by the Government as providing substantial assistance, the Government agreed to move the court for a downward departure or a

1

reduction of sentence pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35(b). *Id*. at 6, ¶ 11. Additionally, "in exchange for the concessions made by the Government in [the Plea Agreement]," Movant waived "his right of direct appeal only in the event that he receives a sentence of less than life imprisonment." *Id*. at 9-10, ¶ 15. He further waived "the right to contest either the conviction or the sentence in any post-conviction action, including any proceedings under 28 U.S.C. § 2255," with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. *Id*. at 9-10, ¶ 15.

A presentence investigation report was prepared by the U.S. Probation Office. In the report, Movant was held accountable for 2,956.02 kilograms of marijuana equivalent. Movant's criminal history category under the U.S. Sentencing Guidelines was calculated to be III. His base offense level was 32. Movant received a two-level enhancement for possessing a firearm. He received a three-level reduction for acceptance of responsibility. Movant's Sentencing Guidelines range was 135 to 169 months incarceration. ECF No. 235.

The court held a sentencing hearing on November 29, 2012. ECF No. 269. At the hearing, the Government moved to hold Movant in breach of his proffer agreement because Movant failed a polygraph examination. ECF Nos. 267 & 269. The court granted the Government's motion. ECF No. 308. The court determined that Movant should be held accountable for twenty-one kilograms of cocaine, which made for a total adjusted offense level 36 and a criminal history category of III. ECF No. 308 at 101. The court declined to give Movant a three-level reduction for acceptance of responsibility. *Id*. After these determinations, Movant's Guidelines range was 235 to 293 months imprisonment. *Id*. The court sentenced Movant to 235 months imprisonment. ECF No. 274.

On December 7, 2012, Movant filed a notice of appeal. ECF No. 277. On appeal, Movant

argued that the district court erred by holding Movant in breach of his plea agreement, that the Government had breached its obligation under the plea agreement to move for a reduced sentence, and that trial counsel had been ineffective for failing to argue for a lesser sentence. ECF No. 359-1 (citing Movant's appellate brief). On the Government's motion, the Court of Appeals for the Fourth Circuit dismissed Movant's appeal after concluding that Movant "knowingly and voluntarily waived his right to appeal his sentence" and that the issues Movant raised on appeal fell "squarely within the compass of the valid and enforceable appeal wavier." *United States v. Rios-Villanueva*, No. 12-4998 (4th Cir. Oct. 28, 2013) (ECF No. 347). The Fourth Circuit went on to note:

> We further reject [Movant's] argument that the appeal waiver is not enforceable because the Government breached the plea agreement by voiding its sentencing obligations in the agreement in response to his nonmaterial breach [i.e. failing the polygraph exam]. Contrary to [Movant's] assertions, no provision in the agreement required the presence of a "material" breach before the Government could void its sentencing obligations. Because the Government should not be saddled with obligations it did not undertake, we decline to transform the plea agreement's silence on this point into a requirement that only a "material" breach by Rios authorized the Government to void its sentencing obligation.

*Id.* On November 18, 2013, the Fourth Circuit issued its mandate and judgment. ECF No. 348.

On August 11, 2014, Movant filed the within § 2255 motion. ECF No. 350. On September 11, 2014, the Government filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 359. Movant, who is represented by counsel, did not file a reply. Movant couches most of his § 2255 motion as a claim for relief on the basis of prosecutorial misconduct. Movant first argues that the claim is not barred by the waiver provision of the plea agreement because it is a prosecutorial misconduct claim, and then goes on to argue—returning to the materiality argument raised previously before the Fourth Circuit—that the prosecutors engaged in misconduct when the

Government refused to make any sort of motion for a reduced sentence.[1] In addition to his claim of prosecutorial misconduct, Movant also argues that "the District Court erred by not granting [Movant] an acceptance of responsibility adjustment" to his offense level pursuant to U.S.S.G. § 3E1.1(a), (b).

The Government asks the court to dismiss the § 2255 motion. With respect to the claim of prosecutorial misconduct, the Government argues that the Fourth Circuit already determined this issue and that reconsideration of it during a collateral-attack proceeding is barred by the mandate rule. With respect to Movant's claim regarding the court's application of the sentencing guidelines, the Government argues that any challenge to the sentence imposed is barred by Movant's waiver of his § 2255 rights except with regard to claims of ineffective assistance of counsel or prosecutorial misconduct. For the reasons below, the court agrees with the Government that Movant's claims are not cognizable on collateral review and, therefore, dismisses Movant's § 2255 motion.

## II. Discussion

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the

---

[1] Movant states this argument in three similar forms: (1) Movant "did not materially breach his agreement with the Government and the Government's refusal to honor its obligations under the plea agreement in this case constitutes misconduct," ECF No. 350-1 at15; (2) "the Government breached the plea agreement by not performing it's obligations under the agreement in response to [Movant's] nonmaterial breach of the agreement," *id.* at 19; and (3) "the District Court erred by ruling that the Government could void its obligations under the plea agreement for [Movant's] mere breach of its polygraph provision," *id*. at 20. The court considers these arguments all to be variations on a single theme: that the Government committed prosecutorial misconduct by not moving for any type of sentencing reduction.

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

### A. Movant's Claim of Prosecutorial Misconduct

As detailed above, Movant asserts that prosecutors committed misconduct by refusing to move to reduce Movant's sentence. Movant raised this same argument during his appeal to the Fourth Circuit. Reconsideration of this issue by this court on collateral review is, as the Government argues, barred by the mandate rule. The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court" unless there are "exceptional circumstances." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993); *see also Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969) (noting that "where the trial or appellate court has had a 'say' on a federal prisoner's claim, it may be open to the § 2255 court to determine that on the basis of the motion, files, and records, 'the prisoner is entitled to no relief.'"). Exceptional circumstances exist in limited situations where a Movant can "show that controlling legal authority has changed

dramatically; [(2) can show that] significant new evidence, not earlier obtainable in the exercise of due diligence[, has come to light]; or . . . [(3) can establish] that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." *Id*. at 67 (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)).

In this case, the Fourth Circuit previously considered and rejected the very argument Movant makes before this court in his § 2255 motion, i.e., that Movant's failure of the polygraph examination does not permit the Government to invoke the breach provisions of the plea agreement and refuse to move to reduce Movant's sentence. *See United States v. Rios-Villanueva*, No. 12-4998 (4th Cir. Oct. 28, 2013) (ECF No. 347). Movant has made no showing that an exceptional circumstance exists that would justify reopening the issue. The court, therefore, concludes that Movant's claim of prosecutorial misconduct is barred by the mandate rule and dismisses the claim with prejudice.

### B. Movant's Claim that the Court Misapplied the Sentencing Guidelines

Movant also argues that the court erred at sentencing by not granting Movant a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a),(b). Movant did not raise this issue on appeal. The Government argues that the claim is barred by the waiver of Movant's § 2255 rights contained in the plea agreement.

The right to challenge a sentence pursuant to § 2255 may be waived, provided the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). In this case, Movant "knowingly and voluntarily waived his right" to challenge his conviction or sentence pursuant to § 2255 unless on the basis of claims of ineffective assistance of counsel or prosecutorial misconduct. *United States v. Rios-Villanueva*, No. 12-4998 (4th Cir. Oct. 28, 2013)

(ECF No. 347); *see also* ECF No. 156 (plea agreement).  Because the claim is not one based on ineffective assistance of counsel or prosecutorial misconduct, the court concludes that the acceptance of responsibility issue Movant now raises falls "squarely within the compass of the valid and enforceable" § 2255 waiver contained within the plea agreement.  Therefore, the court dismisses this claim with prejudice.

### III.  Conclusion

Based on the foregoing, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 350, is **DISMISSED** with prejudice.  The Government's motion to dismiss, ECF No. 359, is **GRANTED**.

**Certificate of Appealability**

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

April 10, 2015
Columbia, South Carolina

8